**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF TENNESSEE<br>164 Rosa L. Parks Blvd.<br>Nashville, TN 37203<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530, and<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535<br><br>Defendants. | Case No. |

## COMPLAINT

1. On March 2, 2008, six people were killed and three others were injured in a house located in Memphis, Tennessee. On October 11, 2010, the jury found Jessie Dotson guilty of six counts of first-degree murder and three counts of attempted first-degree murder. He was sentenced to death. No one else was charged.

2. The United States District Court for the Middle District of Tennessee appointed the Plaintiff, Office of the Federal Public Defender for the Middle District of Tennessee (OFPD-MDTN), to represent Mr. Dotson in federal habeas proceedings. *See In re: Dotson*, No. 23-mc-29, ECF No. 5 (appointment order); *Dotson v. Nelson*, 2:24-cv-2053 (habeas corpus case). He filed an Amended Petition For Writ of Habeas Corpus in June of 2026, and the case remains pending. That Amended Petition contends that Mr. Dotson is innocent of the crimes for which

he was convicted.

3. Mr. Dotson seeks evidence to prove his innocence. Until Memphis police officers coerced a confession from Mr. Dotson, local and federal law enforcement agencies were investigating the crime as one likely committed by more than one person given the multiple weapons used and the number of victims. Law enforcement agencies suspected the perpetrators were members of the gang to which one of the victims belonged. Mr. Dotson seeks information gathered by those agencies during their investigation of this crime.

4. On May 11, 2026, the OFPD-MDTN filed a federal Freedom of Information Act request with Defendant FBI seeking records relevant to its representation of Mr. Dotson in the habeas case. The FBI granted OFPD-MDTN's request for expedited processing,

5. In violation of FOIA, the Defendants failed to make determinations on OFPD-MDTN's request within the statutorily required period.

6. Plaintiff now seeks an order directing the Defendants to immediately begin searching for, processing and disclosing all non-exempt records responsive to its requests.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff OFPD-MDTN was created in 1978 by the United States District Court for the Middle District of Tennessee under the authority of the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A, to provide legal representation to persons accused of crimes against the United States who are unable to afford private counsel and to represent

individuals with death sentences in their petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

10. Defendant U.S. Department of Justice (DOJ) is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11. DOJ maintains administrative control and oversight over the FBI, which is a component and subordinate entity of the DOJ.

12. Defendant FBI is an agency within the meaning of 5 U.S.C § 552(f)(1).

13. The FBI and DOJ have possession, custody, and control of the requested records and are responsible for fulfilling Plaintiff's FOIA requests.

## STATUTORY FRAMEWORK

14. Upon receipt of a FOIA request, an agency must make a determination whether to comply with it and notify the requester of that determination within twenty days of receipt of a request, excluding Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(i).

15. Moreover, the FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

16. After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.; see also* 5 U.S.C. § 552(a)(6)(C)(i) ("Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request.").

17. A "determination" requires the agency to at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce

and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013)

18. If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

19. On May 11, 2026, Plaintiffs filed a FOIA request with Defendant FBI in which it sought the following records:

> 1. All records, documents, or materials containing the FBI's analysis of the crime scene at 722 Lester Street, Memphis, Tennessee in connection with the murders that occurred there on March 2, 2008.
>
> 2. All reports, notes, and communications by or to agents with the FBI's Behavioral Analysis Unit (BAU) that analyzed the crime scene at 722 Lester Street, Memphis, Tennessee.
>
> 3. All data, measurements, and reports produced by the FBI's Special Project Unit (SPU) in connection with its construction of a scale model of the residence at 722 Lester Street, Memphis, Tennessee, for use at Mr. Dotson's trial.
>
> 4. All documents, guidelines, manuals, and procedures in effect from March 1-30, 2008, and from January 1, 2026 until the date the FBI begins its search, sufficient to show how the BAU is and was instructed or trained to perform crime scene analyses.
>
> 5. All documents, guidelines, manuals, and procedures in effect from March 1-30, 2008 and from January 1, 2026 until the date the FBI begins its search, sufficient to show how the SPU is and was instructed or trained to take measurements, collect data, and make two- or three-dimensional models of buildings for use in criminal trials.

See Exhibit A.

20. Plaintiff sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A). It

stated that disclosure of records responsive to the FOIA request is in the public interest because they concern the operations of the federal government and that disclosure likely will contribute to a better understanding of the activities of the government. In particular, the disclosure in a case involving the death penalty is in the public interest because public confidence in the administration of the criminal justice system in such a case is essential. The request was primarily and fundamentally for non-commercial purposes.

21. In its request, the Plaintiff also requested expedited processing because the records were relevant to Mr. Dotson's trial and subsequent death sentence. The Plaintiff stated that the lack of expedited processing could reasonably be expected to pose an imminent threat to the life and physical safety of Mr. Dotson and a loss of substantial due process. Together, the Plaintiff argued that because Mr. Dotson has been sentenced to death, an exceptional and urgent need exists and justifies expedited processing for the records sought.

22. On May 20, 2026, FBI acknowledged receipt of Plaintiff's FOIA request and assigned it No. 1737476-000. The acknowledgement stated that the request for a fee waiver was under consideration.

23. On May 27, 2026, the FBI granted Plaintiff's request for expedited processing.

24. On September 8, 2026, the FBI sent a letter to Plaintiff stating that it had located approximately 2,563 pages potentially responsive to the request. It did not state the scope of the documents it will produce or the exemptions it will claim with respect to any withheld documents.

25. Without acknowledging its decision to grant Plaintiff's request for expedited processing, the letter stated that, given the number of pages potentially at issue, the median processing time would be 57 months.

26. The September 8, 2026 letter is not a determination under 5 U.S.C. § 552(b)(6)(A). As of the date of filing this Complaint, the Defendants have not determined whether to comply with the Plaintiff's May 11, 2026 request.

27. More than twenty days plus an additional ten working days have passed since OFPD-MDTN submitted its requests, and Defendants have failed to comply with 5 U.S.C. § 552(a)(6)(A)(i), 552(a)(6)(B).

28. As a result, Plaintiff has constructively exhausted its administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), and seeks immediate judicial review.

## PLAINTIFF'S CLAIM

### Unlawful Withholding of Records

29. Plaintiff repeats and realleges paragraphs 1-28 as if they were fully set forth herein.

30. In its May 11, 2026, FOIA request, OFPD-MDTN properly sought records within the custody and control of Defendants.

31. Defendants wrongfully withheld agency records requested by OFPD-MDTN by failing to make determinations on its requests within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. § 552(a)(6)(A), or within ten working days thereafter, and by continuing to withhold documents that are non-exempt and responsive to OFPD-MDTN's FOIA requests.

32. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to injunctive and declaratory relief requiring Defendants to process its FOIA request and promptly release all non-exempt records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) Declare OFPD-MDTN is entitled to the immediate processing and disclosure of the requested records to it;

(2) Order the Defendants to preserve all records, in whatever form they exist, potentially responsive to OFPD-MDTN's requests prior to and during the processing of its requests;

(3) Order Defendants to immediately process and disclose all responsive records to OFPD-MDTN;

(4) Order Defendants to grant OFPD-MDTN's requests for a fee waiver;

(5) Provide for expeditious processing of this action;

(6) Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld and to ensure compliance with this Court's orders;

(7) Award OFPD-MDTN attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

(8) Grant any other such relief that this Court may deem just and proper.

Dated: October 5, 2026

Respectfully submitted,

*s/ Jeffrey S. Gutman*
Jeffrey S. Gutman (D.C. Bar No. 416954)
1712 Hobart Street NW
Washington, DC 20009
(202) 631-5129
jsgutmandc@gmail.com

*Counsel for Plaintiff*